**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| TOBY LORENC, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HUBSPOT, INC.<br><br>Defendant. | 1:25-cv-13293 |

## NOTICE OF REMOVAL

Defendant HubSpot, Inc. ("HubSpot") hereby removes this action, currently pending as Case No. 2584-CV-02686-BLS2 in Massachusetts Superior Court, Suffolk County, to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 (Class Action Fairness Act jurisdiction). As grounds for removal, HubSpot states as follows:

## BACKGROUND[1]

1. On September 29, 2025, Plaintiff Toby Lorenc ("Plaintiff") filed a putative Class Action Complaint ("Compl.") against HubSpot in Massachusetts Superior Court, Suffolk County (the "State Court Action"). The State Court Action was assigned Case No. 2584-CV-02686-BLS2.

[1] The alleged facts set forth in this Notice are based on the allegations in the Complaint and HubSpot's good-faith understanding of them. HubSpot references them herein solely for removal purposes. HubSpot does not admit to any facts alleged in the Complaint by way of this removal, denies that Plaintiff is entitled to any relief against it, and expressly reserves its right to deny and challenge all allegations and claims in the Complaint.

2. On October 6, 2025, Plaintiff served HubSpot, through its registered agent, with the Summons and Complaint. Attached hereto as **Exhibit A** is a copy of all process, pleadings and orders served upon HubSpot in the State Court Action, including the Complaint, as of the date of this removal.

3. Plaintiff, who alleges that he is a resident and citizen of Colorado Springs, Colorado, brings this suit on behalf of himself and others similarly situated under Colorado's Prevention of Telemarketing Fraud Act ("PTFA"), Colo. Rev. Stat. § 6-1-304(4)(a)(I). Compl. ¶¶ 5, 10.

4. Plaintiff alleges that HubSpot violated the PTFA by "knowingly list[ing]" his and "thousands" of other "Coloradans' cell phone numbers on clearbit.com" for a commercial purpose, without consent, thereby violating "Coloradans' statutory privacy rights[] under the PTFA." *Id.* ¶¶ 6, 7, 11, 42, 44, 45.

5. Plaintiff seeks to represent a class defined as all Colorado residents whose cell phone numbers were listed on clearbit.com. *Id.* ¶ 31.

6. Plaintiff seeks statutory damages, pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), of at least $300 and not more than $500 for each first offense, and at least $500 and not more than $1,000 for each second or subsequent offense of the PTFA. *Id.* ¶ 47. Plaintiff also seeks declaratory and injunctive relief, attorneys' fees and costs pursuant to Colo. Rev. Stat. § 6-1-305(1)(c), and pre- and post-judgment interest. *Id.* ¶ 47, Relief Demanded (e-f).

**REMOVAL IS PROPER UNDER THE**
**CLASS ACTION FAIRNESS ACT (28 U.S.C. §§ 1332(d) and 1453)**

7. This Court has original jurisdiction over the State Court Action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453 because (1) the putative class exceeds 100 proposed members; (2) the matter in controversy exceeds (in the aggregate) the

sum or value of $5,000,000, exclusive of interest and costs; and (3) at least one member of the putative class is a citizen of a state different from that of HubSpot. *See* 28 U.S.C. § 1332(d)(2), (d)(2)(A) and (d)(5)(B).[2]

8. Putative Class Size (28 U.S.C. § 1332(d)(5)(B)). Removal is proper under 28 U.S.C. § 1332(d)(5)(B) because the number of members in the proposed class exceeds 100.

9. Plaintiff purports to bring this class action on behalf of Colorado residents and alleges that the putative class is "composed of at least thousands of individuals." Compl. ¶¶ 31, 33.

10. Thus, based on this allegation, there are more than 100 putative class members and the numerosity requirement for CAFA removal is satisfied.

11. Amount in Controversy (28 U.S.C. § 1332(d)(2)). While HubSpot denies that Plaintiff is entitled to recover any amount, and specifically denies that certification of a class is proper, the amount in controversy, exclusive of interest and costs, exceeds $5,000,000.

12. Under CAFA, the amount-in-controversy requirement is satisfied if the amounts implicated by the claims of the putative class exceed, in the aggregate, $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2) and (d)(6).[3]

13. "[I]t is well established that the amount in controversy is measured by the value of the object of the litigation," *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). In other words, "the pertinent question is what is *in controversy* in the case, not how much the

---

[2] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (holding that removal requirements need only be plausibly alleged).

[3] "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 81.

plaintiffs are ultimately likely to recover." *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) (emphasis in original).

14. To estimate the amount in controversy, courts consider the aggregate of: (a) potentially recoverable damages, (b) potentially recoverable attorneys' fees, and (c) costs of compliance with injunctive and equitable relief. *See Sierra v. Progressive Direct Ins. Co.*, No. CIV.A. 12-30020-FDS, 2012 WL 4572923 (D. Mass. Sept. 28, 2012*)* (considering compensatory and statutory damages in calculating amount in controversy); *see also Cherelli v. InStore Grp., LLC*, 513 F. Supp. 3d 187, 191 (D. Mass. 2021) ("[A] district court may consider potential attorney's fees as part of the amount-in-controversy calculation when a statute mandates or allows the payment of such fees[.]") (internal quotations and citations omitted); *Manchur v. Auto. Holdings, LLC*, 634 F. Supp. 3d 1, 2 (D. Mass. 2022) (considering the costs to organization to comply with requested injunctive relief).

15. Plaintiff purports to bring this action on behalf of "all Colorado residents whose cell phone numbers were listed on clearbit.com." Compl. ¶ 31. Plaintiff alleges that every member of the putative class is entitled to an award of statutory damages under Colo. Rev. Stat. § 6-1-305(1)(c) that ranges from "at least three hundred dollars and not more than five hundred dollars for each first offense, and at least five hundred dollars and not more than one thousand dollars for each second or subsequent offense[.]"*Id.* ¶ 47, Relief Demanded (c). Plaintiff also asks for injunctive relief and "reasonable attorneys' fees and other litigation costs[.]" *Id* at (d).

16. Statutory damages alone would result in the $5,000,000 amount in controversy requirement being met, and the addition of injunctive relief compliance, and attorneys' fees and costs increases the amount in controversy even further.

17. Plaintiff alleges that the class "is composed of at least thousands of individuals[.]" Compl. ¶ 33.

18. Even if the PTFA's $300 minimum statutory damages were the only damages used to calculate the amount in controversy, there would need to be only 16,667 members in the putative class and one violation each to exceed CAFA's $5,000,000 threshold.[4] According to the 2024 U.S. Census, Colorado's population was 5,957,493 people.[5] Of that number, 16,667 people would be merely 0.28 percent of Colorado's 2024 population.[6] It is plausible that clearbit.com contains the cell phone numbers of at least 16,667 Coloradans, which is merely one third of one percent of Colorado's population. Thus, the amount in controversy requirement is satisfied.

19. That Plaintiff is seeking injunctive relief and attorneys' fees further increases the amount in controversy. Compl. ¶ 47, Relief Demanded (d-e).

20. Plaintiff seeks "injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class[.]" *Id.* at (d). Although the specific relief sought is unspecified, any disruption to clearbit.com's website or business model would result in costs to HubSpot, and those costs can be considered when determining the amount in controversy. *See In re M3Power Razor Sys. Mktg. & Sales Pracs. Litig.*, No. CIVA 05-11177-DPW, 2007 WL 128846, at *4 (D. Mass. Jan. 11, 2007) ("The First Circuit has taken a practical approach, noting that courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation.") (internal quotations and citations omitted); *see also Drulias v. Ade Corp.*, No. CIV.A.

---

[4] 5,000,000 ÷ 300 = 16,666.67

[5] *See* https://www.census.gov/quickfacts/fact/table/CO/PST045224 (last visited October 28, 2025).

[6] 16,667 ÷ 5,957,493 = 0.0028

06-11033 PBS, 2006 WL 1766502, at *2 (D. Mass. June 26, 2006) ("Still another way in which the requirement of the statutory minimum amount in controversy can be satisfied in an injunctive case is by showing that the injunction would force the defendant to forgo a benefit to him that is worth more than the threshold amount specified in the diversity statute[.]") (internal citation omitted).

21. While the amount of attorneys' fees cannot yet be determined, they can be considered in the amount in controversy where they are authorized by state statute, which they are here pursuant to Colo. Rev. Stat. § 6-1-305(1)(c).[7] *Ciardi v. F. Hoffman-La Roche, Ltd.*, 2000 WL 159320, at *1 (D. Mass. Feb. 7, 2000). Here, if Plaintiff's counsel seeks an award of attorneys' fees of 30% to 40% of the statutory damages, then the putative class need only consist of 10,000 to 11,667 members for the jurisdictional threshold to be met.[8]

22. Accordingly, adding the recovery of attorneys' fees to the requested statutory damages and injunctive relief costs results in the amount in controversy well exceeding the $5,000,000 CAFA threshold.

23. <u>Citizenship of the Parties (28 U.S.C. § 1332(d)(2)(A))</u>. Minimal diversity for CAFA removal is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

24. Plaintiff alleges that he is a Colorado citizen. Compl. ¶ 10 ("Plaintiff Toby Lorenc is, and has been at all relevant times, a resident and citizen of Colorado Springs, Colorado."). Further, Plaintiff purports to represent a class of "all Colorado residents." *Id.* ¶ 31.

---

[7] "A person who engages in any unlawful telemarketing practice…shall be liable in a private civil action to the owner of the cellular telephone for…attorney fees[.]" Colo. Rev. Stat. § 6-1-305(1)(c).

[8] $5,000,000 - 30% ($1,500,000) to 40% ($2,000,0000) for attorneys' fees = $3,500,000 to $3,000,000 ÷ $300 + 10,000 to 11,667.

25. Plaintiff alleges that Defendant HubSpot is incorporated under the laws of Delaware and maintains its principal place of business in Massachusetts, making it a citizen of Delaware and Massachusetts for purposes of diversity jurisdiction. *Id.* ¶ 11.

26. Accordingly, the parties are minimally diverse for purposes of CAFA.

27. No CAFA Exception Applies. Although HubSpot denies that it bears the burden of showing that CAFA's exceptions to jurisdiction in 28 U.S.C. §§ 1332(d)(3)-(5) and (9) are inapplicable, none apply.

28. First, the exceptions found in 28 U.S.C. §§ 1332(d)(3) and (4) do not apply because as Plaintiff alleges, the putative class is comprised exclusively of Colorado residents. Compl. ¶ 31.

29. Second, the exceptions found in 28 U.S.C. § 1332(d)(5)(A) and 28 U.S.C. § 1332(d)(5)(B) do not apply because HubSpot is not a state, state official, or other governmental entity and the number of putative class members is greater than 100.

30. Third, the exception found in 28 U.S.C. § 1332(d)(9) does not apply because this case does not involve a claim under the securities laws and does not "relate[] to the internal affairs or governance of a corporation or other form of business enterprise" or "arise[] under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized."

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

31. Removal to Proper Court. Pursuant to 28 U.S.C. §§ 1446(a) and 1446(d), HubSpot files this Notice of Removal in the United States District Court for the District of Massachusetts, which is the "district court of the United States" embracing the place where the State Court Action was filed. The proper venue for removed cases is the District embracing the county where the state court action was pending. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1446(a). The State Court Action

was originally filed in Massachusetts Superior Court, Suffolk County which is within the jurisdiction of this District. Therefore, the State Court Action was removed to the proper court.

32. Removal is Timely. Removal is timely under 28 U.S.C. § 1446(b)(1) because HubSpot removed the State Court Action within thirty (30) days of service of the Complaint on HubSpot. *See* 28 U.S.C. § 1446(b)(1). HubSpot was served with the Complaint on October 6, 2025. *See* **Exhibit A**, Compl. Therefore, this Notice of Removal is timely because it is filed within 30 days as required by 28 U.S.C. § 1446(b).

33. Signature. The Notice of Removal is signed pursuant to FED. R. CIV. P. 11. *See* 28 U.S.C. § 1446(a).

34. Pleadings and Process. **Exhibit A** contains all process, pleadings, and orders served on HubSpot in the State Court Action as of the date of this removal. *See* 28 U.S.C. § 1446(a).

35. Notice of Filing of Notice of Removal. Attached as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal, without exhibits, which will be promptly filed with the Clerk of the Superior Court for Suffolk County, Massachusetts and served upon Plaintiff's counsel. *See* 28 U.S.C. § 1446(d).

36. Bond and Verification. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

37. Filing Fee. HubSpot has paid the appropriate filing fee to the Clerk of this Court upon the filing of this Notice.

## CONCLUSION

Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 and 1453, and the State Court Action is properly removed to this Court under 28 U.S.C.

§§ 1441 and 1446. In the event Plaintiff contests this removal or the Court seeks additional information, HubSpot reserves the right to submit additional evidence and argument in support of removal.

Further, in filing this Notice of Removal, HubSpot reserves the right to a jury trial and any and all defenses, objections, and exceptions, and nothing in this Notice of Removal shall be interpreted or construed as a waiver or relinquishment of its right to assert any defenses or counterclaims including, without limitation, insufficiency of process or service of process, jurisdiction, improper joinder or misjoinder of claims and/or parties, failure to join a necessary party, failure to state a claim, the viability of class certification, and any other procedural or substantive defense available to HubSpot.

Dated: November 5, 2025

Respectfully Submitted,

HubSpot, Inc.

By its attorneys,

*<u>/s/ Courtney L. Hayden</u>*
Brooks R. Brown (BBO# 634144)
bbrown@goodwinlaw.com
Courtney L. Hayden (BBO# 675679)
chayden@goodwinlaw.com
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, Massachusetts 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was sent via first-class mail and email pursuant to FED. R. CIV. P. 5 on all parties identified below on November 5, 2025:

David S. Godkin (godkin@birnbaumgodkin.com)
James E. Kruzer (kruzer@birnbaumgodkin.com)
BIRNBAUM & GODKIN, LLP
1 Marina Park Drive, Suite 1410
Boston, MA 02210

Joseph I. Marchese (jmarchese@bursor.com)
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019

Matthew A. Girardi (mgirardi@bursor.com)
BURSOR & FISHER, P.A.
50 Main Street, Suite 475
White Plains, NY 10606

*/s/ Courtney L. Hayden*
Courtney L. Hayden